Niebauer Unemployment Compensation Case.
Kugler et al., Appellants, *v.* Unemployment Compensation Board of Review.

Argued November 16, 1954.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Louis Vaira* submitted a brief for appellants.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY ROSS, J., March 24, 1955:

This is an unemployment compensation case in which an employer has appealed from a decision awarding benefits to an employe.

The claimant, Minnie Niebauer, was last employed by Martha O. Kugler and Helen Patsko, trading as Pert 'N' Pretty Beauty Salon, as a beautician, her last day of work being April 17, 1954 when she was discharged. The relevant finding of fact is as follows: "2. The claimant was dismissed by the owner when they were informed that she was approximately 6 weeks pregnant. Claimant's duties in her employment were of a light nature. Claimant at the time of dismissal was physically capable of performing her usual duties."

Martha Kugler testified that the sole reason for discharging the claimant was her pregnancy and that she and her partner "didn't want anything to happen to her" and added, "If she slipped and fell, that wouldn't be good." The claimant testified that her pregnancy did not affect her work, that she opened up the shop every morning, was at the shop every day, took care of her customers the same as she did before her pregnancy and was "never sick". Since the material finding of fact is supported by substantial competent evidence, it is conclusive. *Unemployment Compensation Law,* §510, 43 PS §830.

Section 401 of the Unemployment Compensation Law, as amended by the Act of August 24, 1953, P. L. 1397, §3, 43 PS §801, provides in part: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . (d) Is able to work

and available for suitable work: Provided, That a claimant shall be conclusively presumed to be unavailable for work with respect to any week of unemployment *attributable to pregnancy* . . ." (Emphasis supplied.) The question before us is whether the claimant's unemployment is "attributable to pregnancy" and we are agreed that it is not.

If the Legislature had intended to make pregnancy per se a disqualification for benefits, it would undoubtedly have said so in explicit language. However, it did not, and in view of the purpose of the Act to relieve the rigors of involuntary unemployment, the only logical construction to be placed upon "attributable to pregnancy" is that if pregnancy affected the work or health of an employe and as a result she was either discharged or left her employment, she would not be entitled to benefits.

The appellants contend that this case is ruled in their favor by *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671. We cannot agree. In the *Flannick* case, the claimant, because of her physical condition, voluntarily left her employment when she was approximately five months pregnant without requesting a leave of absence. She made no effort to return to her job after her confinement. Speaking through Judge RENO, we stated at page 610: ". . . we hold, that where an employe leaves employment because of a temporary disability with the expectation of later returning to work he is required to apply for a leave of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force. This is especially applicable where the leaving is an equivocal act, as where a pregnant woman leaves her employment and the leaving can be construed either as a temporary absence or an abandonment of the labor force." The claimant's actions,

we held, disclosed that she was not "animated by good faith", that good faith is "the essential element of good cause" and that, accordingly, she was ineligible for benefits under section 402 of the Act, 43 PS §802, which provides: "An employe shall be ineligible for compensation for any week·. . . (b) In which his unemployment is due to voluntarily leaving work without good cause." The only similarity between the *Flannick* case and the one now before us is that in each the claimant was pregnant.

We have here a claimant in the early stage of pregnancy, capable of performing her usual work, who is discharged because of real or assumed concern for her welfare on the part of her employers. Her unemployment was "attributable to pregnancy" only to the extent that her employers "didn't want anything to happen to her". · We are agreed that the conclusive presumption of unavailability was not intended to apply where, as here, there is nothing more substantial than unreasonable and formless concern for claimant's safety on the part of the employers. She was willing and able to perform her usual work but was prevented from doing so by her employers. There is no basis here for refusing compensation.

Decision affirmed.