NANCY GUERRA, APPELLANT, *v.* ROBERT ARCHIE, EXECUTIVE DIRECTOR, EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF NEVADA, RESPONDENT.

No. 6678

March 16, 1972                    494 P.2d 957

[Rehearing denied April 13, 1972]

*B. Mahlon Brown, III,* of Las Vegas, for Appellant.

*Peter I. Breen,* of Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Another employee in whom appellant confided having told their mutual employer appellant was some two months pregnant, the employer immediately discharged her. Thereupon, appellant applied for unemployment compensation. NRS 612.-010 et seq. Although respondent admits appellant was fully

able to discharge all duties of her previous employment, and remained ready, willing and able to work, appellant was denied benefits at each level of administrative review. The district court dismissed her petition for judicial review, holding that "pursuant to NRS 612.435, it is not necessary for a pregnant individual to be unable to work before she is disallowed unemployment compensation benefits under the provisions of this section of NRS."[1] This appeal follows.

Respondent tells us appellant's employer makes a general practice of discharging expectant mothers as soon as the employer learns they are pregnant, and we do not question the employer's right to implement this policy. However, our legislature has established a plan for the relief of persons who, when willing and able to work, are separated involuntarily from their employment; and it is this policy respondent is bound to implement, within its statutory limits. NRS 612.435 must be read in conjunction with NRS 612.440(2) which provides: "A claimant's unemployment shall be deemed to be due to pregnancy if such unemployment exists within 60 days of expected confinement." As the Supreme Court of Kansas has said, interpreting a similar statute: "We must assume that if the legislature had intended to make pregnancy *per se* a disqualification for benefits it would have so stated." Boeing Co. v. Kansas Employment Security Bd. of Rev., 392 P.2d 904, 907 (Kan. 1964).

"We are forced to conclude that pregnancy does not of itself render an employee unavailable for employment prior to the two months immediately preceding the expected birth. Whether pregnancy renders an employee unavailable for work previous to the expiration of the first seven months is a matter for the determination of the Employment Security Board under the facts and circumstances of the particular case." Id., at 909.

Upon the facts admitted by respondent, until 60 days of the time she was confined for childbirth, appellant's pregnancy was not cause for denying her benefits to which she was otherwise

---

[1]NRS 612.435 provides:

"*Separation from work because of pregnancy.* An individual shall be disqualified for benefits for the week in which the claimant is separated from work because of pregnancy and each week thereafter until proof of ability to work following confinement is submitted."

entitled. This cause is reversed and remanded with instructions to enter an appropriate judgment in favor of appellant.[2]

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]Appellant not having left her employment "voluntarily and without good cause," her aforementioned employer's experience rating should be charged for benefits awarded to her. NRS 612.475(6); NRS 612.-550(4)(c).