No. 35,337

J. C. SHUMAKER, doing business as SHUMAKER BAKERY, *Appellant*, v. KANSAS STATE LABOR DEPARTMENT, UNEMPLOYMENT COMPENSATION DIVISION, et al., *Appellees*.

(118 P. 2d 550)

Opinion filed November 8, 1941.

*Jake L. Liberman*, of Caney, for the appellant.

*Clark H. McPherson*, of Topeka, and *Wallace Carpenter*, of Independence, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was filed in the district court to obtain a judicial review of the decision of the state labor department in an unemployment compensation case. The state labor commissioner appeared specially in the district court and, by motion, challenged the right of review. The motion was sustained, and plaintiff appeals.

We shall first take note of a matter which in nowise involves the merits of the appeal. We do so in the interest of clarity. The statutes we will presently consider refer to the commission. The motion was filed by the state labor commissioner. In 1939 the state commission of labor and industry was abolished and in its place there was established and continued a separate and distinct department to be known as the state labor department, with a chief officer who was designated as state labor commissioner. All powers, authority, jurisdiction and duties previously conferred upon the state commission of labor and industry, except those pertaining to the administration of the workmen's compensation act, were conferred upon the state labor commissioner. (G. S. 1939 Supp. 75-3401, 75-3402.) The provisions of the act were not otherwise changed and they employ the term "commission." In discussing the provisions of the act we shall therefore use the language of the statutes, namely, the term "commission."

Defendant moved to dismiss the action in the district court upon two grounds, which were as follows:

"1. That the decision of the above-named commissioner was mailed to the plaintiff on the 19th day of December, 1940; that the petition for judicial review was filed with the clerk of this court on the 27th day of December, 1940; and that such action was prematurely filed within the meaning of G. S. 1939 Supp. 44-709 ($h$) and ($i$).

"2. That the defendant has never been served with a summons in this case and the only pretended service has been a mailing of two copies of the petition for judicial review by the plaintiff's attorney to this defendant."

Defendant's motion was sustained on both grounds. Was the action for review in the district court prematurely commenced? At first blush the word "action" may appear inappropriately used, but that is the language of the statute involved, as will presently appear. On the outset, it may be well to bear in mind that the procedure under this act is governed by the act itself. (G. S. 1939 Supp. 44-709 [$f$].)

In order to determine whether the action for review was prematurely brought, it is necessary to consider subdivisions ($h$) and ($i$) of G. S. 1939 Supp. 44-709. The pertinent portions of those subdivisions read:

"($h$) *Appeal to Courts.* Any decision of the commission in the absence of an appeal therefrom as herein provided shall become final ten days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies before the commission as provided by this act.

"(i) *Court·Review.* Within ten days after the decision of the commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action against the commission for the review of its decision, in the district court of the county in which he resides, or has his principal place of business, in which action any other party to the proceeding before the commission shall be made a defendant."

Plaintiff was notified of the decision of the commission on December 19, 1940. The action for review was filed in the district court on December 27, 1940, which was less than ten days after December 19. In construing the statute, the object of the statute must be kept in mind and such construction placed upon it as will, if possible, effect its purpose even though the statute be somewhat indefinite. If it is susceptible of more than one construction it must be given that construction which will best effect its purpose rather than one which would defeat it, and this is true even though such construction is not within the strict literal interpretation of the statute, and even though both are equally reasonable. (59 C. J. § 571, pp. 961-964.)

Another well-established rule of construction was reiterated and applied in the recent case of *Hunziker v. School District*, 153 Kan. 102, 109 P. 2d 115, where it was said:

"It is a fundamental rule of statutory construction, to which all others are subordinate, that the purpose or intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases or clauses at some place in the statute must be omitted or inserted. This rule, stated in various forms, has been applied by this court throughout its history." (p. 107.)

By inserting the word "hereinafter" for the word "herein" in subdivision (*h*), and by transferring a phrase in subdivision (*h*) the meaning of that subdivision becomes clearer. It would then read:

"In the absence of an appeal therefrom as hereinafter provided any decision of the commission shall become final ten days after the date of notification or mailing thereof."

Construing subdivision (*h*) as above clarified together with subdivision (*i*), it would appear the legislature intended the parties should have a ten-day interval in which to obtain a review by the courts and that this interval begins ten days after the commission's notification or mailing of its decision. It therefore follows the action for review was prematurely filed and the first ground of appellee's motion was properly sustained.

Did the court err in dismissing the action for the reason defendant had not been served with summons? We think it did. The act

provides its own method of service for the purpose of obtaining a review in the district court. The action for review, as already indicated, by that portion of G. S. 1939 Supp. 44-709 (*i*) previously quoted, is instituted by the filing of an action in the district court. The same subdivision further provides:

"In such action, a petition which need not be verified, but which shall state the grounds upon which a review is sought, shall be served upon a member of the commission or upon such person as the commission may designate and such service shall be deemed completed service on all parties, but there shall be left with the party so served as many copies of the petition as there are defendants and the commission shall forthwith mail one such copy to each such defendant." (*i*)

Such service was had in the instant case and that was sufficient. It also may be well to note the statute provides:

"The manner in which disputed claims shall be presented, the reports thereon required from the claimant and from employers, and the conduct of hearings and appeal shall be in accordance with regulations prescribed by the commission for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure." (*f*)

Should the commission see fit to prescribe additional rules or regulations touching the subject of service, it is vested with power and authority to do so.

It follows the judgment dismissing the action for the reason it was prematurely brought must be affirmed, and that the portion of the judgment which dismissed the action for want of proper service must be reversed. It is so ordered.