No. 35,378

SPERRY W. CRAIG, *Appellant,* v. THE KANSAS STATE LABOR COMMISSIONER, THE SECURITY BENEFIT ASSOCIATION, and THE SECURITY BENEFIT HOME AND HOSPITAL ASSOCIATION, *Appellees.*

(121 P. 2d 203)

Opinion filed January 24, 1942.

*Keene Saxon,* of Topeka, for the appellant.

*Clark H. McPherson,* of Topeka, for appellee Kansas State Labor Commissioner; *Donald H. Corson,* of Kansas City, *Harry Ladbury, J. L. Hunt, Lester M. Goodell, Margaret McGurnaghan, John H. Hunt, George M. Brewster,* all of Topeka, and *A. W. Fulton,* of Chicago, Ill., for appellees Security Benefit Association and Security Benefit Home and Hospital Association.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the unemployment compensation act (Laws 1937, ch. 255, as amended in part by Laws 1939, ch. 214, and now appearing as G. S. 1939 Supp., ch. 44, art. 7), references hereafter made being to chapter and section number in the latter publication. From an adverse ruling the claimant appeals to this court.

The appeal involves no question of procedure, there being no question but that the claimant made a claim for benefits in proper form, the initial determination being adverse to him, and that thereafter the several steps necessary to an appeal to the district court were taken. The result of each appeal was adverse to the claimant.

The record as abstracted by the appellant is not at all complete and does not set forth the original claim (ch. 44-709 [a]), but from the entire record it appears he claimed to have been an employee for over fifteen years of the Security Benefit Home and Hospital Association of Topeka, hereafter referred to as the Hospital Association, and that he had been discharged without cause on October 30, 1939; that the Security Benefit Association of Topeka, hereafter referred to as the Benefit Association, was an insurance association under the laws of Kansas; that the Hospital Association was a subsidiary corporation of the Benefit Association, and that although the two were separate, naked, legal entities, the officers and directors of one were the officers and directors of the other, and that they were operated jointly as an integral part of the same common plan and purpose, to wit, the sale of life, accident and health insurance, and home and hospital benefits for their sick or aged members; that neither of the above associations were charitable institutions, but were operated for gain and neither was an exempt employer (ch. 44-703 [i] [8]), but the two constituted an employing unit as defined by chapter 44-703 (g).

Apparently the substance of the defense was that the hospital association and the benefit association were separate and distinct corporate entities; that claimant had been an employee only of the hospital association; that it was a corporation organized and operated exclusively for charitable purposes, no part of its earnings inuring to the benefit of any private shareholder or individual, and that the services of claimant for it were not employment under chapter 44-703 (i) (8).

We are not advised as to what showing was made by either party on the initial determination of the claim (ch. 44-709 [b]), but on the hearing before the appeal tribunal (ch. 44-709 [d]), it was agreed the primary issue was whether the hospital association was a corporation organized and operated exclusively for charitable purposes, and if it was determined it was not, there was for further determination a question concerning claimant's discharge.

At the hearing before the appeal tribunal evidence was taken, and upon consideration that tribunal concluded the two corporate associations were separate and distinct legal entities, and that the hospital association was a corporation organized and existing exclusively for a charitable purpose, under the provision of chapter 44-703 (i) (8). The written opinion of the appeal tribunal states that claimant relied almost solely on *State, ex rel., v. Security Benefit Ass'n*, 149 Kan. 384, 87 P. 2d 560, to which reference is later made. The appeal tribunal affirmed the initial determination and found the claimant ineligible to recover benefits.

The claimant appealed to the commission of labor and industry and the labor commissioner, in a written decision, affirmed the decision of the appeal tribunal. (Ch. 44-709 [e] [f].)

The claimant then appealed to the district court of Shawnee county (ch. 44-709 [h]), where the matter was tried on the certified record of the proceedings had before the appeal tribunal and the commission, which court found that the findings of fact and conclusions of law of the commissioner of labor should be affirmed. The appeal to this court followed.

The unemployment compensation law is complete within itself and provides its own procedure. (*Shumaker v. Kansas State Labor Dept.*, 154 Kan. 418, 118 P. 2d 550.) After providing for administrative appeals which were followed as above outlined, provision is made for appeals to the district court, and in connection therewith the statute reads:

". . . In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . . An appeal may be taken from the decision of the district court to the supreme court of Kansas, in the same manner, but not inconsistent with the provisions of this act, as is provided in civil cases. . . ." (Ch. 44-709 [i].)

The abstract contains only the decision of the labor commissioner, the petition for review by the district court, defendant's answer

thereto, and the journal entry of judgment of the district court; but no part of the evidence offered before any official of the commission of labor and industry, and no specification of error of any kind, and especially that the findings of the commission as to the facts are not supported by the evidence, or that there was fraud.

Appellant's brief states his contention is three-fold in character, and as follows: (1) The Hospital Association is an employing unit as defined by chapter 44-703 (g); (2) the Benefit Association and the Hospital Association are an employing unit as defined by the above section; and (3) the two associations, either taken separately or collectively, are not charitable institutions and relieved from liability or entitled to exemption under chapter 44-703 (i) (8). To support his argument, appellant says that the interlocking character, management and control, together with the business purposes of the two defendant associations has been passed upon by this court in *State, ex rel., v. Security Benefit Ass'n,* supra, and throughout his brief are references to facts stated in that opinion, although he has made no showing in his abstract there was any similar showing in the case at bar, nor that such showing was not refuted by the defendants. Under the statute the function of the district court on appeal to it, and of this court on subsequent appeal, is not to find facts, but only to determine whether facts found are supported by the evidence before the administrative body. In that connection we may not substitute conclusions reached in a different case which involved only liability for ad valorem tax, and no question under the unemployment compensation law, and treat them as the facts here. Here there is not only no abstract of the evidence, there is no claim the findings of fact are not supported by the evidence, and we may not inquire further.

Considering appellant's arguments as raising questions of law, we note the following. Our attention is directed to that part of chapter 44-703 (g) reciting:

". . . All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this act. . . ."

And it is contended the portion quoted controls here. The contention, however, is based on the facts as found in *State, ex rel., v. Security Benefit Ass'n,* supra. Such a contention cannot be sustained. It ignores the finding of the administrative body the Benefit

Association and the Hospital Association were separate and distinct legal entities, and that the Hospital Association was organized and operated solely for charitable purposes, and fails to take into consideration other parts of the same section, a latter part of which recites:

"(i) . . . The term 'employment' shall not include: . . . (8) Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The administrative bodies specifically found the Hospital Association to be a corporation for charitable purposes within the purview of the above. Because this court held in *State, ex rel., v. Security Benefit Ass'n,* supra, that all of its property was not "used exclusively for . . . charitable purposes" and was not therefore exempt from taxation (Kan. Const., art. 11, § 1), it does not follow the association was not a corporation organized and operated exclusively for charitable purposes, under the unemployment compensation act. The first case turns on use rather than ownership of property, and the second turns on service performed in designated employment.

There is no showing of evidence, nor any finding of fact, which would enable us, as a matter of law, to say there was such a relationship between the Benefit Association and the Hospital Association, that an employee of the Hospital Association was the employee of the Benefit Association, or that the service rendered by claimant was not performed in the employ of a corporation organized and operated exclusively for charitable purposes.

In what is said we have made no reference to a counter abstract filed by the appellee. An examination of the counter abstract discloses considerable evidence which warrants the findings of fact made. It is not necessary to treat some of the matters set forth in appellee's brief.

In an action of this kind, before the district court or this court may give an appellant relief, it must appear the findings of fact made by the administrative tribunal are not supported by the evidence, or that fraud was present, or that an error of law was committed. Here the appellant did not sustain that burden, and the judgment of the district court must be, and is, affirmed.