No. 42,064

HARRY H. CLARK, *Appellee*, v. THE BOARD OF REVIEW OF THE EMPLOYMENT SECURITY DIVISION OF THE LABOR DEPARTMENT OF THE STATE OF KANSAS, L. M. WELTMER, LLOYD V. HARMON and M. R. LEE, as Members of said Board, *Appellants*, and the SKELLY OIL COMPANY, a Corporation, *Defendant*.

(359 P. 2d 856)

Opinion filed
March 4, 1961.

*Joseph S. Payne,* of Kansas City, was on the brief for the appellants.
No appearance or brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This case involves the question of eligibility for benefits under the Employment Security Law found at G. S. 1949, 44-701, *et seq.,* and amendments thereto in G. S. 1959 Supp. The appeal is by the Employment Security Board of Review (hereafter referred to as the board) from a decision of the district court reversing, in part, an order of the board.

On June 30, 1959, Harry H. Clark, the claimant, having reached the mandatory retirement age of sixty-five, was retired from his employment as a billing clerk with the Skelly Oil Company in El Dorado, after having served the company in that capacity for twenty-nine years. At the time of his retirement his minimum wage was $2.70 an hour. Prior to his employment by Skelly he had worked as a "roustabout," tank-wagon driver, and in filling station and garage work. Upon his retirement he received a company pension from Skelly of $124.50 per month. In addition, he was entitled to social security benefits of $116 per month provided he did not earn in excess of $100 per month.

Claimant filed his initial claim for unemployment benefits on July 14, 1959. The claims examiner held that he was not "available for work" and therefore was ineligible for benefits. Claimant filed an appeal to the referee, and the matter came regularly on for hearing on October 8, 1959, at which hearing sworn testimony was taken.

On October 16, 1959, the referee filed his written decision in the matter, in which, after carefully reviewing the evidence, he held that claimant was not "available for work" from August 9, 1959, through October 10, 1959, and, in *addition,* found that claimant

had not made "reasonable efforts to obtain work" during that period —and therefore was ineligible for unemployment benefits during such period.

On October 20, 1959, claimant appealed to the board from the decision of the referee, and on December 8, 1959, the board, after a review of the record of the evidence before the referee, affirmed the decision of that official.

Claimant then, pursuant to the provisions of G. S. 1959 Supp. 44-709 (h), appealed to the district court of Butler county. Issues were joined by the pleadings, and on March 8, 1960, the court, after reviewing the record previously made, found and held:

"The Court further finds that there was some evidence that plaintiff was not available for work until September 21, 1959, but that thereafter plaintiff was available for work at all times and that as a matter of law the Court should find that the Board should be sustained in its findings up to the date of September 21, 1959, and thereafter reversed to allow claimant benefits."

In other words, the board found that during the period from August 9, 1959, through October 10, 1959, claimant (1) was not available for work, and (2) had not made reasonable efforts to obtain work—and therefore was ineligible for unemployment benefits. On appeal, the district court found that during the period from August 9, 1959, to September 21, 1959, claimant was not available for work and therefore ineligible to receive benefits for that period, and further found that following September 21, 1959, claimant *was* available for work at all times and therefore entitled to benefits commencing with that date.

It is to be noted the district court made *no* finding with respect to the question whether during the period under consideration claimant had made "reasonable effort to obtain work."

As previously stated, the board has appealed from that portion of the district court's judgment allowing benefits to claimant after September 21, 1959. The Skelly Oil Company is not a party to the appeal.

At this point reference should be made to three provisions of the Employment Security Law.

G. S. 1949, 44-702, declares protection against *involuntary unemployment* to be the "public policy of this state."

Insofar as here material, G. S. 1959 Supp. 44-705, provides:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that: . . . (c) He is able to work, is available for work, and is making reasonable efforts to obtain work: . . . "

G. S. 1959 Supp. 44-709 (*h*), which deals with court review of a decision of the board, provides that in any judicial proceeding thereunder, findings of the board, as to the *facts*, if supported by evidence and in the absence of fraud, shall be *conclusive*, and the jurisdiction of the court shall be confined to questions of law.

Taken together, then, the three mentioned statutes mean that (1) the basic concept of the act, and declared to be the public policy of the state, is to protect against *involuntary unemployment*—that is, to provide benefits for those who are unemployed through no fault of their own and who are willing, anxious and ready to support themselves and their families, and who are unemployed because of conditions over which they have no control; (2) an unemployed person shall be eligible to receive benefits *only* if it is found that he is *able to work*, is *available for work*, and is making *reasonable efforts to obtain work*, and (3) upon court review, findings of the board as to the *facts*, if supported by evidence and absent fraud, *are conclusive*.

It is conceded that at all times material the claimant was "able to work." The question, therefore, narrows down to whether the board's findings that from August 9, 1959, through October 10, 1959, claimant was *not* "available for work" and had *not* made "reasonable efforts to obtain work," are supported by evidence. This necessarily leads to a brief discussion of the meaning of the last two mentioned phrases.

Although the matter appears not to have been passed upon directly in any previous decision of this court, counsel for the board in his brief has cited numerous decisions from other jurisdictions and text-book authority on the question. In the interest of brevity the many citations will not be referred to specifically, but we summarize what appear to be sound and logical rules relating to the definition of the phrases in question.

Although the phrase "available for work" is not susceptible of precise definition, it should be taken in its ordinary and usual sense, and the fulfillment of such requirement found in employment security laws depends largely on the facts and circumstances of the particular case, considered in the light of the purpose of the legislation. Generally speaking, the requirement is satisfied when an unemployed individual is willing, able and ready to accept suitable work or employment which he does not have good cause to refuse— that is, "availability" is a test of one's current and continued attach-

ment to the labor force, for if one is to be compensated for loss of income under a compulsory contribution system there must be assurance that he is available for work and ready to accept employment. This does not mean, however, that one is "available for work," within the meaning of the law, if he imposes such restrictions and contingencies upon the conditions of employment as would reasonably preclude his finding work. In other words, the law does not guarantee to anyone a job identical in kind, location, salary and hours with that which he previously held, and one who is willing to accept employment only on his own terms and choosing does not have a genuine attachment to the labor market and cannot be considered as "available for work."

As in the case of the phrase "available for work," the words "reasonable efforts to obtain work" are not susceptible of precise definition, and their meaning depends largely upon the facts and circumstances of the particular case. One cannot claim employment security benefits indefinitely because he is not offered work paralleling his former job, or because he will search only for such employment. While the employment offered generally must be one for which a claimant is reasonably fitted by training and experience, the law does not contemplate that a job must seek out the individual and coax him to work. Rather, it presupposes, and in fact specifically states, that in order to be entitled to benefits a claimant must make reasonable efforts to obtain work—all of which means that he must be more than "passively available and waiting for work." One of the tests is whether the facts show that a claimant sincerely wants work and has acted in a reasonable manner, under *his* circumstances, in trying to relieve his unemployment.

Measured by what has been said—are the board's findings that during the period from August 9, 1959, through October 10, 1959, claimant was not available for work and had not made reasonable efforts to obtain work, supported by the evidence?

We think they are.

Without detailing the evidence, it appears to be clear that during the period in question claimant's unemployment was caused by his self-imposed restrictions and conditions with respect to salary, conditions, and type of work, and which he had been advised and knew would, for a person of his age, experience and background, preclude him from obtaining work in the locality. It is true that on September 21, 1959, claimant expressed his willingness to work

for a much lower wage than he previously had held out for, but, in view of the entire record, which showed the infrequent attempts to obtain work at wages and under conditions which he knew was not obtainable, his belated and revised idea of acceptable pay, coupled with only one application thereafter, did not constitute a good-faith expression of availability, and did not constitute reasonable efforts to obtain work within the meaning of the law.

In a case such as this the burden of proof is on a claimant to establish that he is entitled to receive the benefits claimed. The legislature has seen fit to impose certain limitations and benefit eligibility conditions (G. S. 1959 Supp. 44-705). Restrictions are of course necessary, and those imposed do not appear to be so harsh or punitive in nature as to defeat the basic concept of the legislation. What is here said and held is not to be construed as denying benefits to one who is unemployed through no fault of his own, and who is willing, anxious and ready to support himself and his family—provided, of course, he is otherwise eligible under the law and has complied with its requirements. On the other hand, the purpose of the law—*to protect against involuntary unemployment*—can be accomplished only by protecting the interests of both the employer and employee. This can be done by allowing benefits only when a claimant comes within the provisions of the law—and disallowing them when he does not.

The findings of the board as to the facts being supported by evidence—there being no hint or suggestion of fraud—are by the statute (G. S. 1959 Supp. 44-709 [h]) conclusive on judicial review. In *Read v. Warkentin, Commissioner,* 185 Kan. 286, 341 P. 2d 980, we quoted with approval (p. 290) the applicable rule as to the function of appellate review in a case of this kind—laid down in *Craig v. Kansas State Labor Commissioner,* 154 Kan. 691, 121 P. 2d 203, where it was said:

". . . Under the statute the function of the district court on appeal to it, and of this court on subsequent appeal, is not to find facts, but only to determine whether facts found are supported by the evidence before the administrative body. . . ." (p. 694.)

It follows, therefore, that the judgment of the district court holding that from and after September 21, 1959, claimant was "available for work" and therefore entitled to benefits, must be and is reversed.