No. 43,560

ETHEL R. CHADWICK, *Appellee*, v. THE EMPLOYMENT SECURITY BOARD OF REVIEW and SOUTHWESTERN BELL TELEPHONE CO., INC., a Corporation, *Appellants*.

(390 P. 2d 1017)

Opinion filed April 11, 1964.

*Lynn D. Smith*, of Topeka, argued the cause and was on the brief for the appellant, The Employment Security Board of Review.

*Wm. A Gray* and *Jack C. Lorenz*, both of Topeka, were on the brief for the appellant, Southwestern Bell Telephone Co., Inc.

*Wm. K. Ong*, of Parsons, was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a proceeding which involves the eligibility of Ethel R. Chadwick (appellee) for unemployment compensation under the provisions of the Kansas Employment Security Law (G. S. 1949, 44-701, *et seq.*, as amended) for the period of March 13, 1962, to May 3, 1962.

The question on appeal is whether the findings of the Employment Security Board of Review are supported by evidence and have a reasonable basis in law.

On January 14, 1962, the appellee filed a claim for unemployment compensation. She last worked for Southwestern Bell Telephone Company at Olathe, Kansas, as a telephone operator or PBX operator, and was placed on pregnancy leave October 15, 1961. Following the birth of her child on December 11, 1961, the claimant first requested transfer from her original office at Olathe to a Parsons, Kansas, local office with the Southwestern Bell Telephone Company, but she could not be accepted at Parsons because other girls with more seniority were on the waiting list for jobs. She moved to Parsons on March 22, 1962, with her husband because he had employment there. On January 21, 1962, she was released as able to work by her doctor. Thereafter she was paid benefits to March 13, 1962. On March 15, 1962, the employer appealed the determination allowing benefits. A hearing was had before a referee on April 25, 1962, and the referee entered a decision holding the claimant ineligible for benefits beginning March 13, 1962, finding that she was not available for work or making reasonable efforts to find work. The Employment Security Board of Review on further appeal adopted the referee's findings and affirmed the referee. On appeal to the district court judgment was entered reversing the Board of Review, following which appeal was duly perfected to this court.

The referee stated the issue before him to be "whether or not the claimant has been making a reasonable effort to obtain work." The referee found claimant had since January, 1962, to attempt to obtain

employment, but that she made only five attempts to seek employment—she contacted the courthouse and also the Olathe News and various places where PBX operators were used. He found claimant contacted two federal agencies, but in each instance a federal test had to be taken and claimant had not at the date of the hearing taken these tests. The referee thereupon reversed the examiner who allowed claimant compensation. In his decision the referee found claimant was unavailable for work and was not making a reasonable effort to obtain work.

In claimant's report to the Employment Security Division on March 1, 1962, she said the least weekly wage she would accept was $75. (Her weekly wage when last employed was $78.50, which included overtime.) She also remarked she was looking for a "better paying job with day hours." She restricted the hours she would work from "8 to 5."

The section of the Employment Security Law pertaining to court review (G. S. 1961 Supp., 44-709[h]) provides that in proceedings thereunder the findings of the Board as to the facts, if supported by evidence and absent fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law.

A recent pronouncement by this court on the subject is found in *Pickman v. Weltmer,* 191 Kan. 543, 382 P. 2d 298, where it was said:

". . . under G. S. 1961 Supp., 44-709(h), where a claimant seeks judicial review, findings of fact of the Board of Review are conclusive and may not be set aside by the district court in the absence of fraud where they are supported by evidence, and the jurisdiction of the court is confined to questions of law. (*Shumaker v. Kansas State Labor Dept.,* 154 Kan. 418, 118 P. 2d 550; *Craig v. Kansas State Labor Commissioner,* 154 Kan. 691, 121 P. 2d 203; *Reed v. Warkentin, Commissioner,* 185 Kan. 286, 341 P. 2d 980; *Clark v. Board of Review Employment Security Division,* 187 Kan. 695, 359 P. 2d 856.) Those cases embrace the rule that judicial review must be made in the light most favorable to the findings and holding of the administrative tribunal. (81 C. J. S., Social Security and Public Welfare, § 232, pp. 341-349.)" (p. 547.)

Law applicable to this proceeding is found in G. S. 1961 Supp., 44-705. The pertinent portion reads:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that: . . . (c) He is able to work, is available for work, and is making reasonable efforts to obtain work: . . ."

When the Board makes findings pursuant to 44-705, *supra,* the

only function of the district court on judicial review is to determine whether or not there is evidence before the Board which supports the Board's findings. Only after it makes a specific finding that there was no evidence to support the findings of the Board could the court set them aside. The law expressly limits the jurisdiction of courts to questions of law. And whether there is evidence to sustain the Board's decision is a question of law.

While a court sitting as a Board of Review might have reached a different conclusion on conflicting evidence, or in determining a preponderance of the evidence, it is, nevertheless, bound to uphold the finding of the Board if there is relevant evidence before the Board to support its findings.

During the period of time in which the appellee was making claim for compensation, from January 21 to May 3, 1962, she made only six efforts to find work. Three of these were made prior to the period in question, which is March 13 to May 3, 1962. The only efforts to secure work during the period in question were in Parsons, Kansas, from March 22 to April 25, 1962; at Montgomery Ward, Sears and a printing company—three efforts in approximately eight weeks. In that same period of time she contacted the Employment Security Division each week to claim benefits.

Furthermore, throughout the entire time she claimed unemployment compensation benefits she restricted her availability to work as a telephone operator, or PBX operator, to a minimum wage of $75 per week, and to working hours of 8 to 5 daily. These restrictions were never removed.

In order to be entitled to unemployment compensation benefits, a claimant must act in good faith and make an active and reasonable effort to secure suitable work or employment. Mere registration and weekly reporting, without reasonable effort, does not satisfy the statute and does not make the claimant "available" as that word is used in the statute. (See, *Hunter v. Miller,* 148 Neb. 402, 27 N. W. 2d 638; *Department of Industrial Relations v. Tomlinson,* 251 Ala. 144, 36 So. 2d 496; *Jacobs v. Office Unemployment Etc.,* 27 Wn. 2d 641, 179 P. 2d 707; and *Huiet v. Schwob Manufacturing Co.,* 196 Ga. 855, 27 S. E. 2d 743.)

A leading case in this jurisdiction on a claimant's availability for work and reasonable efforts to obtain work is *Clark v. Board of Review Employment Security Division,* 187 Kan. 695, 359 P. 2d 856, where it was said:

"Although the phrase 'available for work' is not susceptible of precise definition, it should be taken in its ordinary and usual sense, and the fulfillment of such requirement found in employment security laws depends largely on the facts and circumstances of the particular case, considered in the light of the purpose of the legislation. Generally speaking, the requirement is satisfied when an unemployed individual is willing, able and ready to accept suitable work or employment which he does not have good cause to refuse—that is, 'availability' is a test of one's current and continued attachment to the labor force, for if one is to be compensated for loss of income under a compulsory contribution system there must be assurance that he is available for work and ready to accept employment. This does not mean, however, that one is 'available for work,' within the meaning of the law, if he imposes such restrictions and contingencies upon the conditions of employment as would reasonably preclude his finding work. In other words, the law does not guarantee to anyone a job identical in kind, location, salary and hours with that which he previously held, and one who is willing to accept employment only on his own terms and choosing does not have a genuine attachment to the labor market and cannot be considered as 'available for work.'" (pp. 698, 699.)

Here the Board, by adopting the findings of fact and decision of the referee, found the claimant unavailable for work and further found she did not make a reasonable effort to obtain work. It therefore concluded she was not entitled to unemployment compensation benefits. These findings are supported by evidence, and, having a basis in law, they are conclusive and binding upon the district court.

The judgment of the lower court is reversed.