No. 43,734

THE BOEING COMPANY, a corporation, *Appellee,* v. KANSAS EMPLOY-MENT SECURITY BOARD OF REVIEW, *Appellant,* and PHYLLIS J. CABLE, *Defendant.*

(392 P. 2d 904)

Opinion filed June 6, 1964.

*Lynn D. Smith,* of Topeka, argued the cause, and *F. Duane Roberts,* of Topeka, was with him on the briefs for the appellant.

*Carl T. Smith,* of Wichita, argued the cause, and *George B. Powers, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin,* and *Mikel L. Stout,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a proceeding involving the eligibility of a pregnant woman for unemployment compensation under the provisions of the Employment Security Law. Phyllis J. Cable had been an employee of The Boeing Company from June 17, 1952, to February 5, 1962, as an engineering clerk. Prior to February 5, 1962, claimant notified Boeing that she had reached the fifth month of pregnancy and was expecting a child on June 8, 1962.

Boeing had an established policy that an employee who had reached the fifth month of pregnancy was placed on the inactive payroll. The employee is then subject to recall following the expiration of her leave of absence which extends for two months after childbirth.

The claimant was placed on the inactive payroll on February 5, 1962. She was subject to recall following the expiration of her leave of absence on August 3, 1962. At the time of the hearing the claimant was in good standing with Boeing insofar as her leave status was concerned. She was on inactive payroll, and considered an employee of Boeing on inactive status. However, there was no definite assurance that she would be called back to work.

Claimant filed her initial claim for unemployment benefits effective February 11, 1962. (G. S. 1961 Supp., 44-709 [a].) The claims examiner operating under the provisions of G. S. 1961 Supp., 44-709 (b) held that the claimant was eligible for benefits. Boeing appealed to the referee (G. S. 1961 Supp., 44-709 [c]). At the hearing before the referee testimony was taken and at the conclusion thereof the referee held that the claimant was ineligible for benefits. The referee in his decision stated in part:

"Claimant was placed on pregnancy leave by the above named employer, effective February 2, 1962, when she reached the end of the fifth month of pregnancy. During the period for which claimant filed claims, she maintained her eligibility for benefits on the ground that she made an effort to obtain temporary clerical work by contacting potential employers in the area, and was physically able to work in the opinion of her physician.

"Without enumerating in detail, the evidence in the record discloses that claimant, because of her pregnant condition, was available for temporary work only and for an extremely limited period of time. She was thus restricted by not being currently and continuously attached to the labor force, which supports a finding by the referee that claimant is unavailable for work."

The claimant then appealed to the Board of Review as provided by G. S. 1961 Supp., 44-709 (e) (f). The board reviewed the evidence submitted to the referee and in a two-to-one decision concluded:

"The Board, after reviewing all the evidence in the record and being fully advised in the premises, finds that the decision of the referee should be set aside for the following reasons:

"That the referee holds instant claimant 'unavailable' on the grounds that the circumstances under which claimant is able to accept work are so limited as to substantially eliminate her from full consideration for job opportunities, whereas, the majority of the Board can find no restriction *other than pregnancy*.

"The basic issue in the present case involves Section 44-705 (c) of the Kansas Employment Security Law, which reads as follows:

" 'An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds: . . . (c) He is able to work, is available for work, and is making reasonable efforts to obtain work: . . .'

"The first of the conjunctive requirements 'able to work' is not at issue here. Furthermore, the majority of the Board finds the 'making reasonable efforts to obtain work' requirement to have been adequately satisfied. As such, the principal issue is the second of the conjunctive requirements, 'available for work.'

. . . . . . . . . . . . . .

"The majority of the Board does not assume that a five months pregnancy condition is *prima facie*, evidence of an undue restriction on ones ability to find employment as a stenographer. On the other hand, can the Board infer that claimant's failure to find employment is sufficient evidence that her condition was the predominant cause and thus an undue restriction of such nature as to render her unavailable under the controlling statute.

"The majority of the Board believes not in the absence of evidence showing that the pregnancy was a preventing factor. There are too many other possibilities.

. . . . . . . . . . . . . .

"To restate, since the majority of the Board can find no restriction other than pregnancy and since the majority of the Board does not view pregnancy of itself and by itself as an undue restriction under the availability provisions of the Kansas Employment Security Law, we must conclude that the decision of the referee is not substantiated by the evidence in the record."

The decision of the referee was set aside and the claimant found eligible for benefits.

Boeing, pursuant to the provisions of G. S. 1961 Supp., 44-709 (*h*), filed its petition for review of the Board of Review's decision with the district court. The district court reversed and set aside the decision of the Board of Review and it has appealed.

The appellant first calls our attention to the limited jurisdiction of the courts on review of finding of the board. Our attention is directed to that part of G. S. 1961 Supp., 44-709 (*h*) which provides:

". . . In any judicial proceeding under this section, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . ."

The provisions of the statute are binding on the district court and on this court. In *Pickman v. Weltmer*, 191 Kan. 543, 382 P. 2d 298, at page 547 of the opinion it is stated:

". . . under G. S. 1961 Supp., 44-709 (h), where a claimant seeks judicial review, findings of fact of the Board of Review are conclusive and

may not be set aside by the district court in the absence of fraud where they are supported by evidence, and the jurisdiction of the court is confined to questions of law. (*Schumaker v. Kansas State Labor Dept.*, 154 Kan. 418, 118 P. 2d 550; *Craig v. Kansas State Labor Commissioner*, 154 Kan. 691, 121 P. 2d 203; *Read v. Warkentin, Commissioner*, 185 Kan. 286, 341 P. 2d 980; *Clark v. Board of Review Employment Security Division*, 187 Kan. 695, 359 P. 2d 856.) Those cases embrace the rule that judicial review must be made in the light most favorable to the findings and holding of the administrative tribunal. (81 C. J. S., Social Security and Public Welfare, § 232, pp. 341-349.)"

The question before us involves the application of the provisions of G. S. 1961 Supp., 44-705 which reads, insofar as material here, as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that: . . . (*c*) He is able to work, is available for work, and is making reasonable efforts to obtain work: . . ."

It must be considered, as found by the board, that there was no evidence showing that the pregnancy of the claimant prevented her working, and that the claimant made reasonable effort to obtain employment during such period. It will also be understood that the claimant was placed on the inactive payroll of Boeing in accordance with its established policy and not at the request of claimant.

The sole question is, whether an individual who has been working but who has been placed on the inactive payroll because of the fifth month of pregnancy and is seeking temporary work for a limited period of time, "is available for work" as that term is used in the Employment Security Law.

Appellee contends that the "claimant was not available for work for the reason that her five-months' pregnancy prevented her from being currently and continuously attached to the labor force and from having a genuine attachment to the labor market."

The appellant contends that the legislature having determined that a two-months pre-childbirth layoff period was adequate, the employer's imposed rule of layoff after five-months' pregnancy does not of itself render the employee unavailable for work.

We have no precedent to guide us in the determination of the question. The specific question has not been before this court. We must, therefore, look to the provisions of the Employment Security Law and its administrative interpretation for a guide.

The Employment Security Law, G. S. 1961 Supp., 44-705 states when a pregnant woman shall be unavailable for work. It reads in part:

". . . That no woman shall be deemed to be able to work and available for work for any week during the two-month period immediately before the expected birth of her child and for any week during the one-month period immediately following the birth of her child, in either of which cases the commissioner may require the production of doctor's certificates to establish such dates."

We must assume that if the legislature had intended to make pregnancy *per se* a disqualification for benefits it would have so stated.

This court should not attempt to state as a matter of law at what stage of pregnancy a woman becomes unavailable for employment. If it did attempt to do so it would not know where to draw the line. Would one-month's pregnancy or some period between that and seven months render a pregnant employee unavailable for employment?

Courts should hesitate to cut down the scope of a statute except where there is a clear justification for so doing. It would appear that the legislature has in effect stated what a reasonable period for pregnancy leave should be. It does not invalidate longer leaves, but it furnishes a legislative determination that public policy does not require in all cases longer than two months cessation of employment before and one month after childbirth.

It will be understood that if an employee voluntarily quits work because of pregnancy or if pregnancy results in ill health or physical disability, the employee is not available for work regardless of the stage of pregnancy.

The Employment Security Division in its Benefit Operational Manual has made a statement which has some significance. Section 916.73 covering prenatal availability for work states:

"A woman in pregnancy may be determined eligible to receive benefits only if she demonstrates that despite her pregnancy, she can perform the duties of her customary occupation, or those of other suitable work. The Law specifically pre-determines the issues of ability and availability during the two-month period immediately preceding the expected date of birth and provides that at no time may a woman be found either able or available during this period. That is the only time it may be said, without equivocation, that a pregnant woman is not available for work. The preceding seven-month period requires determination to be made on the basis of each individual claimant."

Although the pronouncement has no controlling effect on the courts, it is entitled to considerable significance when the scope or limitations of the administrative statute is being considered by the courts. In *Southwestern Bell Telephone Co. v. Employment Security Board of Review,* 189 Kan. 600, 607, 371 P. 2d 134, this court stated:

"It has been repeatedly held that where statutory enactments or amendments thereto create a situation where official duties which must be performed which are not clearly defined or prescribed in detail, the operative interpretation given thereto by the officers and official boards whose duties are to carry the legislative policy into effect is helpful, and may be entitled to controlling significance, when the scope and limitations of such powers must be determined in judicial proceedings. (*Harrison v. Benefit Society,* 61 Kan. 134, 59 Pac. 266; *Cavlovic v. Baker et al.,* 118 Kan. 412, 415, 416, 234 Pac. 1009; *State, ex rel., v. State Highway Comm.,* 132 Kan. 327, 337, 295 Pac. 986.)"

The statement in the operational manual does appear to present a practical and logical approach to the question of prenatal availability for work, and is a proper operative interpretation. We find ourselves unable to improve on what was said in the manual. What has been said would appear to be in harmony with the decisions of the courts of a majority of the states that have touched on the question. Those desiring to research the question should see *Smith Unempl. Compensation Case,* 396 Pa. 557, 154 A. 2d 492; *Klaniecki Unempl. Compensation Case,* 190 Pa. Sup. 324, 154 A. 2d 419; *Alabama Mills v. Carnley,* Ala., 44 So. 2d 622; certiorari denied 44 So. 2d 627; *Douglas Aircraft Co. v. California Unemp. Ins. App. Bd.,* 4 Cal. Rptr. 723; *Myerson v. Board of Review,* 43 N. J. Super. 196, 128 A. 2d 15; *Niebauer Unempl. Compensation Case,* 177 Pa. Super. 550, 112 A. 2d 453.

The appellee contends that the appellant abdicated its fact finding functions and that its conclusions are unsupported by evidence.

The appellee calls our attention to the case of *Class I Rail Carriers v. State Corporation Commission,* 191 Kan. 201, 380 P. 2d 396, where this court stated in effect that no presumption of validity can attach to the order of the board in the absence of findings or standards which govern the board's authority. Findings of essential fact are necessary if there is to be a proper review of a board's order. However, the general findings of fact in the present case cover all the essential elements and it is admitted by appellees that the facts were not in dispute. There was ample evidence to

support the board's conclusions and reduce the controversy to a single issue, *i. e.*, did five-months' pregnancy render the claimant unavailable for employment as a matter of law?

The appellant's order concluded:

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the decision of the referee rendered in the above entitled matter should be, and is hereby, set aside, and claimant, if otherwise eligible, is hereby entitled to benefits beginning February 11, 1962, and ending May 5, 1962. Beginning May 6, 1962, the matter is remanded to the examiner."

Appellee suggests:

"Claimant was awarded benefits by the board for the period ending May 5, 1962, although the date of the expected birth of her child was June 8, 1962, therefore, the order of the board was unlawful under the express provisions of G. S., 1961 Supp., 44-705."

We would agree with the appellee's suggestion were there not included in the order the statement "if otherwise eligible." The claimant was not eligible for benefits two months immediately before the expected childbirth or April 8, 1962, by virtue of G. S. 1961 Supp., 44-705. As so interpreted the order may stand.

We are forced to conclude that pregnancy does not of itself render an employee unavailable for employment prior to the two months immediately preceding the expected birth. Whether pregnancy renders an employee unavailable for work previous to the expiration of the first seven months is a matter for the determination of the Employment Security Board under the facts and circumstances of the particular case. The board has made such determination in this case. Its determination having been based on substantial evidence is conclusive on the courts.

The judgment is reversed with instruction to the district court to approve the order of the Employment Security Board.

APPROVED BY THE COURT.