No. 47,783

. MARKETIO J. TOWNSEND, *Appellant,* v. KANSAS EMPLOYMENT
SECURITY BOARD OF REVIEW, *Appellee.*

(543 P. 2d 888)

Opinion filed December 13, 1975.

*Richard C. Wallace,* of Kansas City, argued the cause and was on the brief for the appellant.

*Marlin A. White,* of Holton, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Marketio J. Townsend filed this action to obtain review of an order of the Kansas Employment Security Board of Review denying unemployment benefits. The action was filed in the district court under authority of K. S. A. 44-709 (*i*). The claim had previously been denied by the examiner, the referee and the board of review.

The district court affirmed the decision of the board and the claimant appeals.

The evidence on which the decision denying unemployment benefits rests consisted of claimant's statement filed with the board. It reads as follows:

"I worked for El Matador tacos 12th & State, Kans City, Kans as a waiter at 1.50 per hour from 6-20-73 to 8-25-73. I was making $2.00 per hour and they increased it to $2.20 per hour and then cut it to 1.50 per hour.

they said they had to cut down the over head. I quit because I couldn't live on $1.50 per Hr. I am physically able to work and am seeking full time work as sales clerk and am checking for work from 1:00 p. m. to 8:00 p. m. I am attending school at Pierce School of Design, 4512 Jefferson, KC, Mo. I attend school 10:00 a. m. to 12:00 p. m. M T W and off thurs & Friday. I start 9-1-72 and it ends 9-1-74. I would not quit my schooling to accept a full time daytime job. School is my primary objective. All classes are day time and couldn't change my hours.

Marketio J. Townsend"

The examiner's findings upon which the referee's decision was based were as follows:

"FINDINGS: On September 1, 1972, the claimant started attending school from 10:00 a. m. to 12:00 p. m., Monday, Tuesday and Wednesday and is off Thursday and Friday. He would not quit school to accept a full time, daytime job. He states that school is his primary objective, all classes are daytime so he couldn't change his hours. Since many jobs in claimant's line of work require working during some of the hours he is in school, his prospects for finding a job are substantially reduced. For this reason, he cannot be found available for work, as required for benefit eligibility."

The referee adopted the examiner's findings and determined that appellant was ineligible to receive benefits because he was unavailable for work.

The board of review accepted the facts set forth in the claimant's statement, adopted the findings of the examiner and the referee and affirmed the decision of the referee.

In this appeal we review the judgment of the district court affirming the decision of the board of review.

K. S. A. 44-705 provides:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that:

"(a) [Provisions not pertinent here.]

"(b) [Provisions not pertinent here.]

"(c) He is able to perform the duties of his customary occupation or the duties of other occupations for which he is reasonably fitted by training and/or experience, and is available for work, as demonstrated by his pursuing the full course of action most reasonably calculated to result in his reemployment: . . ." (The remaining provisions of this paragraph and paragraphs (d) and (e) are not pertinent to our discussion.)

The district court's order affirming the decision of the board of review is based upon provision (c). The basic question of law presented is whether a student whose primary objective is obtaining a formal education and who refuses to work during school hours "is available for work, as demonstrated by his pursuing the full

course of action most reasonably calculated to result in his reemployment."

Appellant points out in his argument that he had previously worked at jobs in the afternoon and evening which did not interfere with his school work and that he continues to be available for full time employment in the afternoons and evenings.

In *Clark v. Board of Review Employment Security Division,* 187 Kan. 695, 359 P. 2d 856, the meaning of the "availability for work" requirement in the Employment Security Law was examined. The court said:

"Although the phrase 'available for work' is not susceptible of precise definition, it should be taken in its ordinary and usual sense, and the fulfillment of such requirement found in employment security laws depends largely on the facts and circumstances of the particular case, considered in the light of the purpose of the legislation. Generally speaking, the requirement is satisfied when an unemployed individual is willing, able and ready to accept suitable work or employment which he does not have good cause to refuse— that is, 'availability' is a test of one's current and continued attachment to the labor force, for if one is to be compensated for loss of income under a compulsory contribution system there must be assurance that he is available for work and ready to accept employment. This does not mean, however, that one is 'available for work,' within the meaning of the law, if he imposes such restrictions and contingencies upon the conditions of employment as would reasonably preclude his finding work. In other words, the law does not guarantee to anyone a job identical in kind, location, salary and hours with that which he previously held, and one who is willing to accept employment only on his own terms and choosing does not have a genuine attachment to the labor market and cannot be considered as 'available for work.'" (pp. 698, 699.)

In *Chadwick v. Employment Security Board of Review,* 192 Kan. 769, 390 P. 2d 1017, the claimant restricted her offer to work. She stated she would not accept work which paid less than $75.00 per week, that she was looking for a better paying job as a telephone operator with daytime hours and that she would only work from 8:00 a. m. to 5:00 p. m. In reversing the district court's order which found her available for work this court held that the evidence before the board of review was sufficient to support the board's findings that claimant was unavailable for work and that she was not making a reasonable effort to obtain work.

Cases from other jurisdictions generally support the view that when a person claiming unemployment compensation excludes a substantial number of working hours in order to attend school he has removed himself from the labor market in favor of furthering

his education and he is considered unavailable for work as that term is used in the unemployment compensation laws. By restricting his hours available for work he is not pursuing the full course of action most reasonably calculated to result in his reemployment.

The author of the annotation in 35 A. L. R. 3d 1129, § 7, pp. 1154-1158, after reviewing cases from other jurisdictions, concludes:

"Claimants attending school have been markedly unsuccessful in their attempts to secure unemployment benefits. The courts usually hold that such claimants are not eligible for benefits because they are not available for work, and claimants' contentions that they will rearrange their schedules to meet the needs of offered employment have been rebuffed on the ground that they would not be able to rearrange their schedules so as to be able to work on rotating shifts. Moreover, it has been held that claimants' statements that if necessary they would quit school to accept employment need not be accepted at face value even though uncontroverted." (p. 1154.)

It has been held that regular school attendance in itself is evidence of ineligibility for unemployment compensation. (*Callaghan v. Morgan*, 9 Or. App. 116, 496 P. 2d 55.) Other cases have held if a claimant attending school expresses willingness to rearrange his class hours or to drop out of school entirely if necessary to obtain employment he may be found eligible for benefits. (*Wiley Unempl. Compensation Case*, 195 Pa. Super. 256, 171 A. 2d 810; *Patronas v. Unempl. Com. Bd. of Rev.*, 5 Pa. Commonwealth 491, 291 A. 2d 118.)

Appellant relies heavily on *Couchman v. Indust. Comm.*, 33 Colo. App. 116, 515 P. 2d 636. In *Couchman* claimant was a machinist who had worked an evening shift for seven years prior to termination of his employment. At the time of his termination he was enrolled in ten credit hours as a college student. He was willing to work only on an evening shift. The Colorado court reversed a finding that claimant was unavailable for work and remanded the case to the commission with directions to obtain additional information as to the existing condition of that particular job market, *i. e.* machinist with hours limited to the evening shift.

*Couchman* is the only case we have been able to find which indicates that a student whose primary goal is obtaining an education and who refuses to work during school hours may be entitled to unemployment benefits. The weight of authority is to the contrary.

Another difficulty we see in the *Couchman* case is that it places a duty on the administrative agency to obtain additional evidence to establish eligibility. Our Employment Security Law sets up a compulsory contribution system and, as in the present case, the

former employer may appear before the board of review and contest the claim. The *Couchman* decision would have the effect of requiring the Employment Security Board to abandon its neutral position and obtain evidence favorable to the claimant and against the interests of the former contributing employer.

We have previously held the burden to establish the benefit eligibility conditions is upon the unemployed individual. In *Clark v. Board of Review Employment Security Division,* supra, we considered the eligibility conditions of K. S. A. 44-705, and said:

"In a case such as this the burden of proof is on a claimant to establish that he is entitled to receive the benefits claimed. The legislature has seen fit to impose certain limitations and benefit eligibility conditions (G. S. 1959 Supp. 44-705). Restrictions are of course necessary, and those imposed do not appear to be so harsh or punitive in nature as to defeat the basic concept of the legislation. What is here said and held is not to be construed as denying benefits to one who is unemployed through no fault of his own, and who is willing, anxious and ready to support himself and his family—provided, of course, he is otherwise eligible under the law and has complied with its requirements. On the other hand, the purpose of the law—*to protect against involuntary unemployment*—can be accomplished only by protecting the interests of both the employer and employee. . . ." (187 Kan. p. 700.)

As previously pointed out eligibility must be determined from the evidence before the administrative agency. The administrative agency should not be required to seek evidence of eligibility in support of the claim.

The claimant has the burden of proof to establish the benefit eligibility conditions set forth in K. S. A. 44-705 by evidence introduced before the Employment Security Board of Review. If there is evidence to support the board's finding that a student-claimant has substantially restricted his hours of work so as to remove himself from the job market he has failed to establish eligibility for unemployment benefits. We decline to shift this burden of establishing that eligibility to the board of review and we reject the rationale of *Couchman.* We believe it is unsound under our particular statutory scheme.

A student whose primary objective is obtaining a formal education and who refuses to work during school hours is not available for work within the meaning of K. S. A. 44-705 (*c*). He has restricted his availability for work and is not pursuing the full course of action most reasonably calculated to result in his reemployment.

Appellant specifies error in the district court because he was prevented from obtaining additional evidence by the use of interro-

gatories. The evidence he sought to obtain concerned the extent and existence of a job market for his type of occupation, *i. e.* waiter or retail clerk, limited to hours between 1:00 p. m. and 8:00 p. m. We note that the issue on which eligibility rested was claimant's availability and not the availability of certain types of work.

In addition before considering this question we wish to point out that no issue was raised in appellant's petition in the district court concerning unlawful or fraudulent conduct by the board. We proceed with the question as it relates to eligibility for benefits.

The scope of judicial review in these cases in the district court is set forth in K. S. A. 44-709 (*i*) as follows:

". . . In any judicial proceeding under this section, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . ."

We have previously examined the scope of review provided by this statute. In *Pickman v. Weltmer*, 191 Kan. 543, 382 P. 2d 298, it is held:

"Where a claimant seeks judicial review for unemployment compensation benefits, findings of fact of the Employment Security Board of Review are conclusive and may not be set aside by the district court in the absence of fraud where they are supported by evidence, and the jurisdiction of the court is confined to questions of law." (Syl. ¶ 3.)

(See also *Clark v. Board of Review Employment Security Division,* supra, Syl. ¶ 3; *Boeing Co. v. Kansas Employment Security Board of Review,* 193 Kan. 287, Syl. ¶ 1; 392 P. 2d 904; and *Strader v. Kansas Public Employees Retirement System,* 206 Kan. 392, Syl. ¶ 1, 479 P. 2d 860, cert. den. 403 U. S. 914, 29 L. Ed. 2d 692, 91 S. Ct. 2240.)

In *Strader v. Kansas Public Employees Retirement System,* supra, claimant contended that the judicial review of a decision by the administrative body should include an opportunity to put on additional evidence in the district court to show entitlement to benefits. In answer to this contention this court said:

"We would suggest that a party appearing before an administrative body cannot produce his evidence piecemeal. He cannot produce part of his evidence before an administrative agency and then produce the balance on judicial review. He must produce all of his evidence on the merits before the administrative body or show a good faith effort to do so." (206 Kan. p. 402.)

We hold, in an action for judicial review of a decision by the Kansas Employment Security Board of Review denying eligibility for benefits, where no issue has been raised as to fraudulent conduct of

the Board, the jurisdiction of the district court is confined to questions of law and claimant may not introduce additional evidence bearing on eligibility for benefits.

Accordingly it was not error to disallow interrogatories in the district court proceedings. Such evidence was not presented before the administrative body and would not be permitted in the district court under the limited scope of review provided by K. S. A. 44-709 (*i*).

We have carefully reviewed the record on appeal including the evidence presented by the appellant before the administrative body. The statement of claimant made to the examiner remains unchallenged. Schooling was appellant's primary objective. He would not quit his schooling to accept a full time job during the mornings. He would not pursue the full course of action most reasonably calculated to result in his reemployment. He did not establish he was available for work as required by the benefit eligibility conditions.

The judgment is affirmed.