No. 55,904

STATE OF KANSAS, *ex rel.* HARVEY L. LUDWICK, Secretary of Human Resources, *Appellee*, v. SHERLOCK AUCTION & REALTY, INC., *Appellant.*

(678 P.2d 630)

Opinion filed March 24, 1984.

*James M. Milliken,* of Milliken & Condray, Chartered, of St. Francis, argued the cause, and *Rudolf H. Beese, Jr.,* of the same firm, was with him on the brief for appellant.

*H. Dean Cotton,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This appeal arises from an action by the Secretary of Human Resources to enforce a judgment under the employment security law, K.S.A. 44-701 *et seq.,* for collection of unemployment contributions from the defendant corporation. The defendant, Sherlock Auction & Realty, Inc. (Sherlock Auction), is a closely held corporation owned entirely by Frederick E. Sherlock, the sole employee, shareholder, officer and director. The corporation asserts that the statute requiring contributions to the state unemployment fund has been applied in an arbitrary and capricious manner and is unconstitutional as applied to it because the corporation's owner-employee is ineligible to receive unemployment benefits.

Numerous procedural issues were raised in the trial court but none of them have been asserted on appeal. It appears that sometime prior to September 22, 1981, Frederick E. Sherlock filed a claim for unemployment compensation which was denied on the grounds he failed to qualify for benefits under K.S.A. 1983 Supp. 44-705 and -706. Mr. Sherlock did not appeal that determination and the specific reasons for his ineligibility are not shown in this record. The denial of benefits to Mr. Sherlock is not an issue in this case although it is used by the defendant as a basis for its argument that the sole employee, who is the only

owner, director and officer of a one-person corporation, can never receive benefits under the act.

On September 22, 1981, the Department of Human Resources (the DHR) filed in the District Court of Cheyenne County a tax warrant in the amount of $235.29, representing delinquent unemployment contributions and accrued interest allegedly owed by Sherlock Auction. The tax was not paid and on March 22, 1982, the DHR filed a request for execution against the property of the corporation. The corporation then filed with the court a petition for declaratory judgment, asking that the court determine the state statutes and regulations to be arbitrary and capricious insofar as they require unemployment contributions from a closely held corporation whose sole employee is also the only stockholder, officer and director, asserting that such an employee can never be eligible for benefits under the act. The answer of the DHR alleged the petition failed to state a claim upon which relief could be granted. The DHR then filed a motion for summary judgment or dismissal. The trial court, after a hearing upon the motion, found the act constitutional, denied all claims of Sherlock Auction and entered judgment in favor of the DHR.

At the outset we note that in examining the constitutionality of a statute, the statute is presumed to be constitutional. All doubts are resolved in favor of its validity and before a statute will be stricken, it must clearly appear the statute violates the Constitution. It is the court's duty to uphold the statute under attack, if possible, rather than defeat it. If there is any reasonable way a statute may be construed as constitutionally permissible, that should be done. *Board of Greenwood County Comm'rs v. Nadel,* 228 Kan. 469, Syl. ¶ 1, 618 P.2d 778 (1980).

The DHR concedes that there are many instances in which the sole employee, who is also the only owner, officer and director of a one-person corporation, could not qualify for unemployment benefits but also asserts that there are instances in which such an employee could qualify for benefits such as when the corporation permanently ceases business or when the ownership of the corporation is sold and the new owner does not retain the seller as an employee. Such examples presume, of course, that the employee would otherwise meet the qualifications and requirements of the statutes.

In *Wesley Medical Center v. McCain,* 226 Kan. 263, 597 P.2d

1088 (1979), the employment security act was attacked as violating the due process and equal protection clauses of the federal and state constitutions because of the great disparity between the amount of contributions required and benefits actually paid. Sherlock Auction distinguishes the issue in this case from that in *Wesley Medical Center* on the basis that in this case no benefits could be paid as opposed to the disparity between large contributions and minimal benefits in that case.

The Kansas employment security act is the embodiment of the public policy of this state to protect against involuntary unemployment, *i.e.,* to provide benefits for those who are unemployed through no fault of their own, who are ready, willing and able to support themselves and their families, and who are unemployed because of conditions over which they have no control. *Clark v. Board of Review Employment Security Division,* 187 Kan. 695, 359 P.2d 856 (1961); K.S.A. 44-702.

In *Wesley Medical Center* we stated:

"We think it is clear the relationship of taxes paid to the benefits received is not a per se violation of the due process clauses of the constitutions. Such discrepancies are unconstitutional only if there is no rational relationship between the tax and a legitimate and substantial state interest or goal, or if the statute is applied in an arbitrary or capricious manner.

.  .  .  .

"We find there is a rational relationship between K.S.A. 1975 Supp. 44-710a, the taxing section of the act, and the State interest and goal as stated in K.S.A. 44-702 [protection against involuntary unemployment]. Appellants have contributed much more to the fund than their former employees have received back in compensation but a taxing system cannot be judged on a cost/benefit ratio. There are many benefits an employer receives which are not disclosed on such an evaluation.  .  .  .

.  .  .  .

"Finally, in this regard it has been shown that all contributing employers receive the benefit from their contributions of helping prevent unemployment and 'to lighten its burden.' " 223 Kan. at 266-68.

The court in reaching its decision relied upon *Carmichael v. Southern Coal Co.,* 301 U.S. 495, 81 L.Ed. 1245, 57 S.Ct. 868 (1937), in which an attack was lodged against the unemployment compensation act of Alabama on several grounds asserting the act violated the due process and equal protection clauses of the Constitution. In upholding the act, the court stated:

"It is not a valid objection to the present tax, conforming in other respects to the Fourteenth Amendment, and devoted to a public purpose, that the benefits

paid and the persons to whom they are paid are unrelated to the persons taxed and the amount of the tax which they pay—in short, that those who pay the tax may not have contributed to the unemployment and may not be benefited by the expenditure. . . . Nothing is more familiar in taxation than the imposition of a tax upon a class or upon individuals who enjoy no direct benefit from its expenditure, and who are not responsible for the condition to be remedied.

"A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. See *Cincinnati Soap Co. v. United States,* [301 U.S. 308]. Any other view would preclude the levying of taxes except as they are used to compensate for the burden on those who pay them, and would involve the abandonment of the most fundamental principle of government—that it exists primarily to provide for the common good. A corporation cannot object to the use of the taxes which it pays for the maintenance of schools because it has no children. *Thomas v. Gay,* 169 U.S. 264, 280. This Court has repudiated the suggestion, whenever made, that the Constitution requires the benefits derived from the expenditure of public moneys to be apportioned to the burdens of the taxpayer, or that he can resist the payment of the tax because it is not expended for purposes which are peculiarly beneficial to him. . . .

. . . .

"It is irrelevant to the permissible exercise of the power to tax that some pay the tax who have not occasioned its expenditure, or that in the course of the use of its proceeds for a public purpose the legislature has benefited individuals, who may or may not be related to those who are taxed." pp. 521-25.

We are not called upon to determine whether Mr. Sherlock, at some time in the future, may or may not qualify for unemployment benefits under our employment security law. Based upon the record as developed in this case, we are of the opinion that the Kansas employment security law has not been applied arbitrarily and capriciously and does not violate the due process and equal protection clauses of the constitutions as applied to Sherlock Auction & Realty, Inc.

The judgment is affirmed.