No. 50,002

FARMLAND FOODS, INC., *Appellant,* v. EMERSON I. ABENDROTH, CORA L. HOBBLE, AND GEORGE J. TROMBOLD, MEMBERS OF THE EMPLOYMENT SECURITY BOARD OF REVIEW OF THE STATE OF KANSAS, *Appellees.*

(594 P.2d 184)

*Opinion filed May 5, 1979.*

*Van Smith,* of Garden City, argued the cause and was on the brief for appellant.

*Marlin A. White,* of Holton, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by Farmland Foods, Inc. (Farmland) from a district court ruling sustaining a decision of the Employment Security Board of Review (Board) upholding a referee's decision that qualified Farmland's former employee, Luis S. Herrerra, for unemployment compensation benefits.

Herrerra had been employed as a meat cutter by Farmland for about eight years prior to his discharge. On December 6, 1976, one of appellant's foremen observed Herrerra place a piece of rope under his butcher's frock. The foreman feared Herrerra was going to use the rope in an attempt to conceal company property on his person. The foreman reported his suspicions to a superior who alerted the plant protection department and requested that Herrerra be searched at the time of his departure at the end of his work shift. As Herrerra and a friend, Richard Herman, were

leaving the plant they were stopped and Herrerra submitted to a search which revealed no company property. The guard had taken the precaution of having the night superintendent present at the time of the search. As Herrerra was leaving the guard's quarters, Herman, who had witnessed the search and was standing outside, kidded and laughed at him. Herrerra then made an obscene remark which he contends was directed at Herman. The guard and night superintendent thought the remark was directed at them and ordered Herrerra to stop. Herrerra refused, saying he was on his own time. The guard then drew his pistol and escorted both Herrerra and Herman to the main office where Herrerra was fired.

Herrerra filed for unemployment benefits and on January 4, 1977, a deputy examiner rendered a decision finding he ·had breached a duty owed his employer and denied him benefits for seven weeks.

K.S.A. 1978 Supp. 44-706(*b*) provides, in part:

"An individual shall be disqualified for benefits:

. . . . .

"(*b*) For the week in which he or she has been discharged for breach of a duty connected with his or her work reasonably owed an employer by an employee and for the six (6) consecutive weeks which immediately follow such week: *Provided, however,* That if an individual is discharged for gross misconduct connected with his or her work he or she shall be disqualified for benefits until he or she again becomes employed and has had earnings of at least eight (8) times his or her weekly benefit amount. The term 'gross misconduct' as used in this paragraph shall be construed to mean conduct evincing willful and wanton disregard of an employer's interest or a carelessness of negligence of such degree or recurrence as to show an intentional or substantial disregard of the employer's interest: . . . ."

As a result of the examiner's findings any benefits paid Herrerra after the seven week disqualification would not be charged against Farmland's experience rating account. K.S.A. 1978 Supp. 44-710(*c*).

Herrerra appealed the adverse ruling and on February 17, 1977, a hearing was held before a referee wherein both Herrerra and Farmland were given full opportunity to present evidence and testimony. The referee found Herrerra had not breached any duty reasonably owed his employer and reversed the examiner's ruling and held Herrerra was eligible for benefits and that Farmland's experience rating account would be charged as provided by the statutes.

Farmland appealed to the Board which reviewed the record from the referee's hearing and affirmed the referee's decision. Farmland then appealed to the district court, which reviewed the record and affirmed the Board's decision. Farmland has appealed to this court and we have carefully reviewed the record and find no error in the trial court's decision.

Appellant's sole point on appeal is that the Board used an incorrect burden of proof in determining Herrerra had not breached a duty reasonably owed to his employer.

The referee filed a written decision divided into three parts: findings of fact, the opinion and the decision. The full text of the opinion section of the referee's decision reads:

"A duty is a substantial obligation an employee owes their employer as a condition of employment. To sustain a finding of breach of duty requires conclusive evidence showing the workers actions were intentionally aimed at harming or hampering the employer's interests or were intended to ignore the employer's interests. The evidence is inconclusive and does not show the claimant's obscene remark was directed at the employer, neither does the evidence show any intent to harm or ignore the employer's interests or that the interests of the employer were ignored or harmed. The examiner's decision all as set out in the first paragraph, hereof, should be reversed."

Upon appeal, the Board, in upholding the referee's decision, adopted the findings of fact and the decision. It did not adopt the opinion. Appellant argues that the opinion portion of the referee's decision established an erroneous burden of proof and that Farmland was only required to establish a breach of duty by a preponderance of the evidence and not by conclusive evidence. The degree of proof generally required in civil actions is a "preponderance of the evidence." In certain instances a higher standard is imposed where experience has demonstrated the need for greater certainty. See 32A C.J.S., Evidence § 1023, and *In re Estate of Shirk*, 194 Kan. 425, 399 P.2d 850 (1965). We agree with appellant's contention that the proper burden of proof is by a preponderance of the evidence; however, a careful review of the record before the Board and the district court reflects sufficient evidence even under this standard of proof.

The trial court found in its decision that the referee had determined as a fact that the obscene remark was not directed at the employer, that there was evidence to support such a finding and that it was binding on the trial court. The court further found that the claim the referee used an erroneous burden of proof was

not supported by the record and that there was nothing to show the Board had used the wrong burden of proof.

The scope of judicial review is set forth in K.S.A. 1978 Supp. 44-709(*i*)(5) as follows:

"(5) In any judicial proceeding under this section, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Such actions, and the questions so certified, shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under the workmen's compensation act of this state."

The Board's findings are conclusive, absent fraud, if supported by evidence. *Townsend v. Kansas Employment Security Board of Review,* 218 Kan. 306, 543 P.2d 888 (1975); *Strader v. Kansas Public Employees Retirement System,* 206 Kan. 392, 479 P.2d 860, *cert. denied* 403 U.S. 914 (1971); *Boeing Co. v. Kansas Employment Security Board of Review,* 193 Kan. 287, 392 P.2d 904 (1964). There was substantial evidence to support the Board's findings and those findings are conclusive on appeal.

The judgment is affirmed.