(626 P.2d 1221)
No. 51,929

PHILLIP KRASHIN, *Appellant,* v. THE KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW, *Appellee.*

Opinion filed April 24, 1981.

*Lloyd Koelker,* of Wyandotte County Legal Services, of Kansas City, for appellant.

*Marlin A. White,* of Holton, for appellee.

Before JUSTICE McFARLAND, presiding, SPENCER, J., and RON ROGG, Associate District Judge, assigned.

ROGG, J.: This is an appeal by a former employee from the denial of certain unemployment benefits. The issue raised and the scope of this court's review is the narrow question of whether the Kansas Employment Security Board of Review made sufficient findings of fact as required by K.S.A. 1980 Supp. 44-709.

Appellant was employed by Venture Stores as a baker from September 19, 1975, until his termination on September 26, 1978. Pursuant to the Employment Security Law, K.S.A. 44-701 *et seq.,* appellant filed a claim for unemployment benefits on October 13, 1978. By decision dated October 17, 1978, the examiner found in relevant part:

"The claimant was discharged for a breach of a duty owed the employer.

"Disqualification period begins 09-24-78 and ends 11-11-78.

"The claimant was dismissed for failure to comply with instructions, procedures, and/or policies of the employer.

"The law, K.S.A. 44-706, provides that an individual shall be disqualified from benefits for seven (7) weeks beginning with the week the individual has been discharged for breach of a duty connected with the work. Breach of a duty means

that an employee has contributed to, or caused the unemployment by bringing about discharge through violation of some duty or responsibility. There must be a disregard of the standards of behavior which the employer has a right to expect of the employee."

Appellant appealed the examiner's disqualification of benefits to the referee (provided for by K.S.A. 1980 Supp. 44-709[c]), who made substantial findings of fact and gave an extensive opinion supporting his decision reversing the examiner. The decision of the referee was appealed by the employer, Venture Stores, to the Employment Security Board of Review pursuant to K.S.A. 1980 Supp. 44-709(c). The Board of Review rendered its decision on January 9, 1979, and in pertinent part made the following findings:

"The majority of the Board  . . .  finds that the examiner's decision dated October 17, 1978 is both legally and factuallly correct and is substantiated by the evidence and that the decision of the Referee mailed on November 21, 1978 should be and is hereby set aside and the examiner's decision above stated is hereby affirmed as if fully set forth herein."

Timely appeal was taken from the decision of the Board to the district court, where the court found in relevant part:

"The Court, after being fully advised in the premises, finds that the decision of the defendant Employment Security Board of Review made on January 9, 1979, is both legally and factually correct and that there is sufficient evidence in the transcript of proceedings to support the defendant's decision in the matter. The Court further finds that the plaintiff herein, has not been denied any constitutional rights and that he has been granted a full, fair and complete hearing, as to the merits of the case. The Court therefore finds that the decision of the defendant Employment Security Board of Review should be and is hereby affirmed."

The appellant took his appeal from the district court's findings, and thus our consideration of the matter. Two recent cases set out the general law applicable to the issue here involved. In *Blue Cross & Blue Shield v. Bell,* 227 Kan. 426, Syl. ¶ 1, 607 P.2d 498 (1980), the following is stated:

"An administrative agency must assume the responsibility of expressing the basic facts on which it relies with sufficient specificity to convey to the parties, as well as to the court, an adequate statement of the facts which persuaded the agency to arrive at its decision. Thus, there must be findings on all applicable standards which govern the agency's determination, and the findings must be expressed in language sufficiently definite and certain to constitute a valid basis for the order, otherwise the order cannot stand."

More recently, in *Kansas State Board of Healing Arts v. Acker,*

228 Kan. 145, Syl. ¶¶ 6 and 7, 612 P.2d 610 (1980), the Supreme Court noted:

"Detailed findings of fact and conclusions by an administrative agency are recommended and are of great help to the trial court and appellate courts in reviewing administrative decisions."

"Specific findings of fact by an administrative agency, while desirable, are not indispensable to a valid decision in the absence of a statute or rule requiring them."

It should further be noted that in a proceeding reviewing the action of the Employment Security Board of Review, the scope of judicial review is set forth in K.S.A. 1980 Supp. 44-709(*i*)(5), and the findings of fact made by the Board, if supported by evidence, are conclusive and binding upon the district court. *Farmland Foods, Inc. v. Abendroth,* 225 Kan. 742, Syl. ¶ 2, 594 P.2d 184 (1979).

In the present case, K.S.A. 1980 Supp. 44-709(*f*)(5) requires the Board to make findings of fact in support of a decision.

In this case the Board of Review adopted the examiner's findings as its own findings of fact and decision. The Board makes no other findings and makes no further explanation for its decision. The two major findings of the examiner were that (1) appellant was discharged for a breach of a duty owed the employer, and (2) appellant was dismissed for failure to comply with instructions, procedures and/or policies of the employer. The first finding is a conclusion of law and the second is an ultimate finding at best. Both conclusions are inadequate in the absence of basic findings. Although there are several reasons for requiring detailed findings of fact by an administrative body, the most significant reason in terms of judicial review is that no meaningful review can occur unless the court is made aware of the findings of fact which are the basis upon which the review board relied and the reasoning that was used to arrive at its decision. In a case such as the present case, it is most difficult if not impossible for the appellant to meaningfully respond on appeal to such vague and indefinite findings. There is no explanation in this case of what instructions, procedures or policies were breached by the appellant. There is, in effect, an adjudication unsupported by any factual findings.

The above conclusion dictates that the judgment of the district court be reversed and that the court remand the matter to the Employment Security Board of Review so it can make findings of

fact and give an explanation of its decision for consideration by the district court sitting in review of the Board's decision.

The judgment of the district court is reversed and remanded with directions.