NOT DESIGNATED FOR PUBLICATION

No. 116,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DIANA SABATINO,
*Appellee*,

v.

EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; FRANKLIN R. THEIS, judge. Opinion filed May 19, 2017. Affirmed.

*Glenn H. Griffeth*, of Kansas Department of Labor, for appellant.

*Paul E. Torlina*, of Blake & Uhlig, P.A., of Kansas City, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*:  In this judicial review action, the Kansas Employment Security Board of Review ("Board of Review") appeals from the district court reversal of its denial of unemployment benefits to Diana Sabatino. The district court determined that the Board of Review's decision to deny Sabatino's claim for unemployment benefits for misconduct connected with her job duties as an employee of the State Fire Marshal was unreasonable, arbitrary, or capricious and was not supported by substantial evidence. Because we agree with the district court that the Board of Review—and its Appeals Referee—inappropriately disregarded a factual stipulation entered into by the State Fire Marshal and Sabatino regarding the reason for her dismissal, we affirm.

1

The State Fire Marshal employed Sabatino as a Prevention Inspector from March 13, 2000, until July 28, 2014. There is nothing in the record to suggest that Sabatino's job performance was less than satisfactory during her first 10 years working for the State Fire Marshal. The record does reflect that Sabatino received two unsatisfactory performance reviews in 2011. The following year, however, she received a rating of "Meets Expectations" on her performance review.

In 2013, the State Fire Marshal reprimanded Sabatino for delays in completing paperwork. As part of the reprimand, Sabatino was required to complete her paperwork either on the day of an inspection or the next working day for inspections completed late in the day. She was also required to type her reports in her assigned office in Topeka, at the inspection location, or in her motel room if she was performing out-of-town inspections.

Evidently, Sabatino had difficulty meeting these requirements, and she received two additional reprimands in 2014. Ultimately, the State Fire Marshal dismissed Sabatino from her position as a Fire Prevention Inspector in a letter dated August 1, 2014. According to the letter, the dismissal was to become effective on August 13, 2014. In the interim, the State Fire Marshal placed Sabatino on administrative leave without pay.

In the letter, the State Fire Marshal stated the following grounds for Sabatino's dismissal:

> "Your proposed dismissal is in accordance with K.S.A. 75-2949e and K.S.A. 75-2939f. K.S.A. 75-2939f provides that 'grounds for dismissal, demotion or suspension of a permanent employee for personal conduct detrimental to the state service include, but are not limited to': (1) refusal to accept a reasonable and proper assignment from an authorized supervisor (insubordination). KSA [*sic*] 75-2949e provides that 'grounds for

2

dismissal, demotion or suspension of a permanent employee for deficiencies in work performance include, but are not limited to':  (1) Inefficiency or incompetency in the performance of duties, or inability to perform the duties.

"You have demonstrated a continued pattern of refusal/failure to follow agency directives in conducting inspections and preparing reports. The basis for your proposed dismissal is as follows:

"During our investigation, you admitted that on June 26, 2014, you were sitting at a picnic table in a roadside park in Westmoreland typing the report from the jail that you had just finished inspecting. As you know, in May of 2011 you were instructed that if you were doing any sort of paperwork it is to be done here in the Topeka office. You were reminded of this again on June 29, 2011, and again on July 7, 2011. This was addressed in your unsatisfactory Performance Review for the period 4/11/2011 to 12/27/2011. On September 3, 2013, your current supervisor addressed this issue with you in an e-mail. You received a written letter of reprimand on November 15, 2013, which stated again that if you are typing reports you are supposed to be doing so at your assigned office, which is the Topeka office. On June 5, 2014, Brenda McNorton, Prevention Division Chief sent an email to all Prevention Staff reminding everyone that 'effective immediately all paperwork is to be completed in the following places only! The facility you are inspecting, your assigned office (NOT your home), your hotel room during your regular work hours only.' You responded to this e-mail stating 'I understand'. You violated these repeated directives by typing your report in a roadside park.

"In addition, one of the objectives on your performance review covers the timely completion of inspection reports. You have received a needs improvement rating on this objective since April 2011. On November 15, 2013, you received a letter of reprimand stating that you will be required to complete your paperwork the day of inspection or next working day if inspection runs late into the afternoon. You continue to struggle with this objective. On Wednesday, July 9, 2014, you performed an inspection at JJA New Direction. You were off work on July 10th and 11th but returned to work on Monday, July 14th. You did not complete the paperwork for this inspection until Tuesday, July 15th. This is in violation of the directive that you were given on November 15, 2013.

3

"As you know, the verbal and written counseling, performance feedback, and letters of written reprimand placed you on notice that further incidents of this nature could result in disciplinary action up to and including dismissal from your employment. Based on the information described above, it is clear to me that you have not made an effort to improve in spite of the multiple chances that you have been offered. You appear to have a blatant disregard for your personal accountability and responsibility to perform the work necessary to ensure the safety of the facilities and the public that we serve."

In a letter dated September 5, 2014, the State Fire Marshal informed Sabatino that her termination was final. On October 1, 2014, Sabatino timely filed a claim for unemployment benefits. An examiner performed an initial review and denied Sabatino's claim, finding that the State Fire Marshal dismissed her for "misconduct connected with [her] work." Thereafter, on October 17, 2014, Sabatino timely appealed the examiner's determination denying her claim for unemployment benefits to the Kansas Department of Labor's Office of Appeals.

It appears from the record that Sabatino also appealed her dismissal to the Kansas Civil Service Board. Evidently, as part of a settlement in that appeal, the State Fire Marshal agreed to amend the reason for Sabatino's termination. In particular, the State Fire Marshal agreed to drop any allegation that Sabatino was dismissed for insubordination. Instead, the parties agreed that the sole basis for Sabatino's dismissal was inefficiency, incompetency in the performance of duties, or inability to perform duties.

On November 14, 2014, a Referee from the Kansas Department of Labor Office of Appeals held an evidentiary hearing by telephone to determine whether Sabatino was entitled to unemployment benefits. Sabatino participated in the hearing along with a union representative. The State Fire Marshal, one of his employees, and his attorney also participated in the hearing.

4

At the beginning of the hearing, the State Fire Marshal and Sabatino announced they had entered into a stipulation. Specifically, the parties agreed to modify the reason for her termination to be only for "inefficiency or incompetency in the performance of duties or inability to perform the duties"—not insubordination or misconduct. Moreover, the State Fire Marshal testified under oath that the reason for Sabatino's discharge "was for inefficiency or incompetency in the performance of duties or inability to perform those duties."

In particular, the State Fire Marshal testified that Sabatino had difficulty completing reports in a timely manner or in the appropriate format. He also indicated that she completed some of her reports at home or in other locations instead of at the office in Topeka. According to the State Fire Marshal, Sabatino continued to have difficulties meeting expectations regarding the submission of paperwork after she received the reprimands. As such, the State Fire Marshal decided that she should be dismissed.

Further, the State Fire Marshal testified that he had signed a letter "withdrawing conduct detrimental to the state service under [K.S.A. 75-2949f(l)] . . . insubordination, as a basis for [Sabatino's] dismissal" and stating that "the sole basis for the dismissal will be deficiencies in work performance under [K.S.A. 75-2949e(a)(1)], inefficiency or incompetency in the performance of duties or inability to perform those duties." The State Fire Marshal was asked if Sabatino "was not fired because of misconduct but because of inefficiency, is that correct?" He responded, "That's correct."

Sabatino, to explain her actions, also testified at the hearing. In particular, she testified regarding her reason for typing an inspection report at a picnic table at a roadside park in Westmoreland on June 26, 2014. According to Sabatino, she attempted to comply with the duties of her employment and did not intend to violate the directives of her supervisors. Finally, at the conclusion of the hearing, the attorney representing the State Fire Marshal made a closing argument in which he reiterated, "the basis for [Sabatino's]

5

termination was inefficiency . . . and that's based on the failure to complete reports in a timely manner." In addition, he argued that Kansas law does not disqualify an employee discharged for inefficiency and "for that reason the State Fire [Marshal's] office does not oppose unemployment benefits in this matter."

In a decision issued on November 17, 2014, the Appeals Referee noted the State Fire Marshal had initially stated in a letter that the grounds for Sabatino's dismissal were both insubordination and inefficiency or incompetence. Although the Referee appropriately found that the employer has the burden of proving misconduct by a preponderance of the evidence, he disregarded the stipulation entered into by the parties as well as the State Fire Marshal's testimony that the "sole basis" for Sabatino's dismissal was inefficiency, incompetence, or inability to perform her job duties. In doing so, the Referee referred to the stipulation and testimony as a "fiction" and found that "a modification to the reasons for the claimant's [dismissal] is not germane to the inquiry as it related to the claimant's qualification for unemployment insurance benefits."

Additionally, the Appeals Referee found that "[w]hether an employer wishes to challenge a claim for benefits has nothing to do with whether a claimant may be qualified or disqualified for benefits pursuant to the Kansas Employment Security Law." Furthermore, the Referee found that "the claimant worked for the employer . . . for over 14 years before her discharge, therefore the 'modified' reason for discharged due to the claimant's inability or incompetence is not supported by the evidence in the record." Ultimately, the referee concluded that Sabatino had been discharged for misconduct and was "disqualified for unemployment insurance benefits."

On November 24, 2014, Sabatino timely appealed the Referee's decision to the Board of Review. It appears the Board of Review held no hearing and received no additional testimony. Rather, on December 22, 2014, the Board of Review issued an order affirming the Referee's decision. In doing so, the Board of Review adopted the

6

findings of fact made by the Referee but did not analyze or discuss the evidence. Evidently, the Board of Review also adopted the Referee's conclusions of law but it did not say so explicitly. Rather, the Board of Review simply indicated that it "agrees with the previous decision made by the Referee."

On January 6, 2015, Sabatino filed a petition for judicial review in the Shawnee County District Court. On February 2, 2016, Sabatino filed for summary judgment. In her brief in support of her summary judgment motion, Sabatino asserted that the Board of Review's final order had violated K.S.A. 77-621(c)(7) and (8). It appears from a review of the record that the district court conducted no discovery and received no additional evidence.

In a comprehensive 30-page memorandum opinion entered on July 11, 2016, the district court determined that it was unreasonable for the Referee and the Board of Review to ignore the State Fire Marshal's testimony regarding the modified reason for terminating Sabatino's employment. In particular, the district court found that this was unreasonable because "it is the *Employer's* burden to establish misconduct by a preponderance of the evidence and not the Referee's duty to merely divine misconduct when the Employer in good faith is no longer alleging it nor attempting to prove it as the record supports in this case." The district court concluded that the Board of Review's determination—based on the Referee's findings of fact and conclusions of law—"finding misconduct rather than inefficiency as the basis for Ms. Sabatino's dismissal was not supported by substantial evidence and is, therefore, in violation of K.S.A. 77-621(c)(7)." Thus, the district court reversed the decision of the Board of Review.

On July 20, 2016, the Board timely appealed the district court's decision.

ANALYSIS

*Standard of Review*

This action is brought under the Kansas Judicial Review Act (KJRA), K.S.A. 2016 Supp. 77-601 *et seq*. The KJRA defines the scope of judicial review of actions taken by state agencies or boards. K.S.A. 2016 Supp. 77-603(a); *Ryser v. State*, 295 Kan. 452, 458, 284 P.3d 337 (2012). Any party to an agency or board action before the district court under the KJRA may appeal the district court's decision, just as parties do in other civil cases. K.S.A. 77-623. On appeal, we exercise the same statutorily limited review of action taken by an agency or board, as does the district court. *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010). On appeal, the burden of proving the invalidity of action taken by an agency or board rests on the party asserting such invalidity. K.S.A. 2016 Supp. 77-621(a)(1); *Milano's, Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013).

The KJRA outlines eight circumstances under which relief may be granted. K.S.A. 2016 Supp. 77-621(c). Here, Sabatino contends that the final order issued by the Board of Review—which adopted the decision of the Appeals Referee—is not supported by substantial evidence and/or was unreasonable, arbitrary, or capricious under K.S.A. 2016 Supp. 77-621(c)(7) and (8). On the other hand, the Board of Review contends that its decision was reasonable and based on substantial evidence. Moreover, it asserts that the district court erred by substituting its judgment for that of the Appeals Referee and, in turn, the Board of Review.

Accordingly, in this appeal we must determine whether the factual findings made by the Appeals Referee—as adopted by the Board of Review—are supported by substantial evidence when viewed in light of the record as a whole. See K.S.A. 2016 Supp. 77-621(c)(7); *Sierra Club v. Moser*, 298 Kan. 22, 62-63, 310 P.3d 360 (2013). This

8

analysis requires us to:  (1) review evidence both supporting and detracting from the referee's findings; (2) examine the referee's credibility determinations; and (3) review the referee's explanation as to why the evidence supported his findings. K.S.A. 2016 Supp. 77-621(d); *Williams v. Petromark Drilling*, 299 Kan. 792, 795, 326 P.3d 1057 (2014). Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014). In reviewing the evidence, we do not reweigh the evidence or engage in de novo review. K.S.A. 2016 Supp. 77-621(d).

While we are not to reweigh the evidence or engage in unlimited review, we are to consider "whether the evidence supporting the [Board's] decision has been so undermined by cross-examination or other evidence that it is insufficient to support the [Board's] conclusion." *Buchanan v. JM Staffing, LLC*, 52 Kan. App. 2d 943, 948, 379 P.3d 428 (2016). Moreover, our review of questions of law is unlimited. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013). Finally, in reviewing questions of law, we are to give no deference to an administrative agency or board on statutory or regulatory interpretation. *Douglas*, 296 Kan. at 559.

We must also decide whether the decision of the Appeals Referee—as adopted by the Board of Review—was unreasonable, arbitrary, or capricious under K.S.A. 2016 Supp. 77-621(c)(8). The Kansas Supreme Court has held that an action is unreasonable when it is taken without regard to the benefit or harm to all interested parties or is without foundation in fact and that an action is arbitrary and capricious if it is unreasonable or lacks any factual basis. *Sunflower Racing, Inc. v. Board of Wyandotte County Comm'rs*, 256 Kan. 426, 431, 885 P.2d 1233 (1994). Essentially, the test under K.S.A. 2016 Supp. 77-621(c)(8) is meant to determine the reasonableness of the agency's exercise of discretion in reaching its decision based upon the agency's factual findings and the applicable law. See *Sunflower Racing, Inc.*, 256 Kan. at 445.

9

*Reason for Sabatino's Dismissal*

In this appeal, the Board of Review takes issue with the district court's reliance on the testimony of the State Fire Marshal at the hearing before the referee regarding the reason for Sabatino's dismissal. In particular, the Board of Review argues that the stipulation or agreement between the parties, that her dismissal was for inefficiency or incompetency rather than for insubordination, does not bind them. The Board further argues that there is substantial evidence in the record to support the Referee's determination that the State Fire Marshal actually dismissed Sabatino for misconduct under K.S.A. 2016 Supp. 44-706.

Individuals who are unemployed because they were discharged for misconduct connected with their work are ineligible for unemployment benefits. K.S.A. 2016 Supp. 44-706(b). The employer bears the burden of proving misconduct by a preponderance of the evidence. *Rhodenbaugh v. Kansas Employment Sec. Bd. of Review*, 52 Kan. App. 2d 621, 630, 372 P.3d 1252 (2016); see *Farmland Foods, Inc. v. Abendroth*, 225 Kan. 742, 743-44, 594 P.2d 184 (1979). Under a preponderance of the evidence standard, it must be demonstrated that "'a fact is more probably true than not true.' [Citation omitted.]" *Gannon*, 298 Kan. at 1124. Thus, in this present action, the State Fire Marshal had the burden to prove that it discharged Sabatino for misconduct connected with her employment.

K.S.A. 2016 Supp. 44-706 provides, in part, as follows:

> "An individual shall be disqualified for benefits:
> . . . .
> "(b) If the individual has been discharged or suspended for misconduct connected with the individual's work.
> (1) For the purposes of this subsection, 'misconduct' is defined as a violation of a duty or obligation reasonably owed the employer as a condition of employment

10

including, but not limited to, a violation of a company rule, including a safety rule, if: (A) The individual knew or should have known about the rule; (B) the rule was lawful and reasonably related to the job; and (C) the rule was fairly and consistently enforced."

However, K.S.A. 2016 Supp. 44-706 goes on to provide an exception for employees who were discharged while:

"making a good-faith effort to do the assigned work but was discharged due to:
"(i) Inefficiency;
"(ii) unsatisfactory performance due to inability, incapacity or lack of training or experience;
"(iii) isolated instances of ordinary negligence or inadvertence;
"(iv) good-faith errors in judgment or discretion; or
"(v) unsatisfactory work or conduct due to circumstances beyond the individual's control." K.S.A. 2016 Supp. 44-706(b)(4)(B).

From a review of both the supporting and detracting evidence, it is apparent that the Referee faced an unusual situation. Although the State Fire Marshal issued a letter to Sabatino when she was initially dismissed from her job, after 14 years, indicating that it was due to "[i]nefficiency or incompetency in the performance of duties, or inability to perform the duties," under K.S.A. 75-2949e, as well as "insubordination" under K.S.A. 75-2949f, the allegation of insubordination had been dropped by the time of the evidentiary hearing before the Referee. In fact, the State Fire Marshal not only entered into a stipulation regarding the grounds for dismissing Sabatino, he also testified under oath at the hearing that the "sole basis" for her dismissal was inefficiency, incompetence, or inability to perform her job duties.

K.S.A. 2016 Supp. 44-709(c) provides that an employee may appeal an examiner's initial determination regarding unemployment benefits to a referee who is to afford the parties a fair hearing. In addition, K.A.R. 48-1-4 controls the conduct of the hearing before the referee. Under the regulation, the parties to the appeal "may stipulate in

11

writing or under oath at the hearing to the facts involved." K.A.R. 48-1-4(c). Here, we find that the State Fire Marshal and Sabatino entered into such a stipulation regarding the factual basis for her dismissal.

In the context of court proceedings, the Kansas Supreme Court has held that a court cannot simply ignore factual evidence presented by way of stipulation. See *State v. Darrow*, 304 Kan. 710, 716, 374 P.3d 673 (2016). Furthermore, our Supreme Court has "encouraged [parties] to enter into stipulations to avoid undue costs or time consuming litigation when there is no real dispute." *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 35, 287 P.3d 855 (2012) (citing *Fuller v. Wright*, 106 Kan. 676, 680, 189 P. 142 [1920]). Accordingly, we find that it is also unreasonable for an Appeals Referee in an unemployment compensation action to simply disregard a factual stipulation entered into by the parties pursuant to K.A.R. 48-1-4(c).

We recognize that parties may not define the law through stipulations. *McGinty v. Hoosier*, 291 Kan. 224, 238, 239 P.3d 843 (2010) (citing *Bright v. LSI Corp.*, 254 Kan. 853, 859, 869 P.2d 686 [1994] [litigants' agreement on legal questions ineffective to bind court]). Here, however, the parties did not "define the law" in their stipulation nor did they address the ultimate legal question of whether Sabatino's actions rose to the level of "misconduct connected with the individual's work" as defined by K.S.A. 2016 Supp. 44-706(b). As such, we find the stipulation that the State Fire Marshal dismissed Sabatino solely because of inefficiency, incompetence, or inability rather than insubordination is a factual stipulation not a stipulation regarding a matter of law.

It appears that one of the reasons the Referee rejected the stipulation of the parties regarding the ground of Sabatino's dismissal—calling it a "fiction"—is because it arose out of a settlement agreement. The law, of course, favors settlements of disputes. *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 903, 317 P.3d 139 (2014) (citing *LSI Corp.*, 254 Kan. 853, Syl.). Moreover, a stipulation is, by definition, an agreement between the

parties. Black's Law Dictionary 1641 (10th ed. 2014) (A stipulation is a "voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding [the plaintiff and defendant entered into a stipulation on the issue of liability]."). Thus, we do not find the stipulation to be any less significant merely because the parties entered into it as a result of a settlement between the parties in this action and in the related action filed by Sabatino with the Kansas Civil Service Board.

The Appeals Referee also rejected the stipulation—and evidently the sworn testimony of the State Fire Marshal—regarding the reason for Sabatino's dismissal because it was "not germane to the inquiry as it related to the claimant's qualification for unemployment insurance benefits." Although we agree that neither the stipulation nor the testimony of the State Fire Marshal are dispositive of the ultimate legal question, we find both to be relevant and material to the issue of whether Sabatino should be disqualified from receiving unemployment benefits due to misconduct. This is particularly true because—as the Referee recognized in his decision—it was the State Fire Marshal, as the employer, who had the burden of proving the existence of misconduct by a preponderance of the evidence. See *Farmland Foods, Inc. v. Abendroth*, 225 Kan. at 743-44.

Accordingly, we conclude that it was unreasonable for the Board of Review— which adopted the decision of the Appeals Referee as its own—to completely ignore the stipulation and the testimony of the State Fire Marshal regarding the reason for Sabatino's dismissal. Because he was the employer and had the burden of proof, we can think of no person other than the State Fire Marshal to testify regarding the basis for his dismissal of this employee. Furthermore, there is nothing in the record to suggest that the State Fire Marshal was being untruthful in his testimony at the evidentiary hearing before the Referee.

13

Consequently, in considering the stipulation and the testimony of the State Fire Marshal as part of the record as a whole, we find that the Board of Review's action is not based on substantial evidence. By her own admission, Sabatino had difficulty meeting her obligations to timely submit her paperwork to her employer. However, there is also evidence in the record to suggest that she attempted in good faith to comply with the directives of her employer and did not intentionally violate her job duties. Thus, as labelling these problems as inefficiency, incompetency, or inability as the State Fire Marshal did during his testimony appears to be the truth—not "fiction."

In summary, we conclude that the determination of the Appeals Referee and the Board of Review that the State Fire Marshal discharged Sabatino for misconduct connected with her work was not supported by substantial evidence when viewed in light of the record as a whole. See K.S.A. 2016 Supp. 77-621(c)(7). We further conclude that it was unreasonable, arbitrary, and capricious for the Appeals Referee and the Board of Review to disregard the stipulation entered into by the parties as well as the sworn testimony of the State Fire Marshal as to why he terminated Sabatino. See K.S.A. 2016 Supp. 77-621(c)(8). Consequently, we affirm the district court's memorandum opinion and entry of judgment.

Affirmed.